## UNITED STATES BANKRUPTCY COURT
### Eastern District of Missouri
**Thomas F. Eagleton U.S. Courthouse**
**111 South Tenth Street, Fourth Floor**
**St. Louis, MO 63102**

In re:

**Debtors:**                                                    **Case No.: 12–49231**
Cheryl A Westall – See below for reported alias
information xxx–xx–7098
– See below for reported alias information

### CHAPTER   13

### POST–CONFIRMATION ORDER AND NOTICE OF DISMISSAL

### TO: ALL CREDITORS AND PARTIES IN INTEREST

PLEASE TAKE NOTE: THIS CASE IS BEFORE THE COURT FOR DISMISSAL FOR THE REASON(S) IDENTIFIED BY ☑ BELOW.

☐ **The Debtor(s)** moved to dismiss this case in accordance with 11 U.S.C. § 1307(b).

☐ **The Debtor(s)** failed to pay the filing fee on the terms set forth in the Order Approving Installment Fee Application previously entered in this case.

☐ **The Chapter 13 Trustee** orally moved to dismiss this case at the Chapter 13 confirmation hearing in accordance with ☐ 11 U.S.C. § 1307(c)(1) for unreasonable delay; or ☐ § 1307(c)(4) for failure to make plan payments.

☑ **The Chapter 13 Trustee** moved to dismiss this case in accordance with ☐ 11 U.S.C. § 1307(c)(1) for unreasonable delay; ☑ § 1307(c)(4) for failure to make plan payments; ☐ § 1307(c)(5) for denial of confirmation of a plan and denial of request for additional time for filing another plan or modification; ☐ § 1307(c)(6) for material default by the Debtor(s) with respect to a term of a confirmed plan; and/or ☐ abuse of the bankruptcy process. The Chapter 13 Trustee has certified that the Debtor(s) failed to respond to the motion. If the Debtor(s) did respond, the Court considered the response and provided opportunity for hearing;

☐ **The Chapter 13 Trustee** moved to dismiss this case for Lack of Feasibility of the Chapter 13 Plan;

☐ **The Chapter 13 Trustee** moved to dismiss this case for Debtor(s)' failure to comply with a court order.

☐ **A Party in Interest** other than the Chapter 13 Trustee moved to dismiss this case in accordance with 11 U.S.C. § 1307(c), or for failure to comply with a court order or other abuse of the bankruptcy process, as more fully stated in the written motion, and after notice and hearing;

☐ **The Missouri Department of Revenue** moved to dismiss this case in accordance with 11 U.S.C. § 1307(c)(1) for unreasonable delay in filing tax return(s), and the Debtor(s) have failed to respond to the motion, or after notice and hearing;

☐ **The Court,** on its own motion or show cause, moved to dismiss this case under 11 U.S.C. § 105(a) for failure to comply with court order and/or abuse of the bankruptcy process.

**Other Reason:**

☐

ACCORDINGLY,

**IT IS ORDERED** that for the reasons set forth in the motion or as set forth on the record at hearing, the Motion to Dismiss identified in this notice is **GRANTED**;

**IT IS FURTHER ORDERED** Debtor(s)' employer(s) is/are directed to cease withholding from the Debtor(s)' wages in respect to this Chapter 13 case, and this Court's Order To Deduct From Wages or Other Income is hereby terminated.

**IT IS FURTHER ORDERED** for the reason(s) identified in this notice, this Chapter 13 case is **DISMISSED** prior to entry of an order of discharge, and the automatic stays of 11 U.S.C. § 362 are hereby terminated.

**IT IS FURTHER ORDERED** that John V. LaBarge, Jr., Chapter 13 Trustee, is directed to: pay any unpaid portion of the filing fee and disburse the remaining funds in accordance with the Debtor(s)' confirmed plan. The Trustee shall promptly file his final report and upon so doing is discharged as Trustee and is relieved of and discharged from his bond.

**IT IS FURTHER ORDERED** that all requests for payment of administrative expenses pursuant to 11 U.S.C. § 503(b) must be filed with the Court and a copy must be sent to the Chapter 13 Trustee within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that any matters not previously disposed will be denied as moot on the filing of the Chapter 13 Trustee's final report.

☐     **IT IS FURTHER ORDERED** that this case is dismissed under U.S.C. § 109(g) and the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of dismissal.

☐     **IT IS FURTHER ORDERED** that this case is dismissed with prejudice and the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of dismissal.

☐     **IT IS FURTHER ORDERED** that since the Debtor(s) owe(s) $ for the filing fee in this case, the Debtor(s) **MUST PAY THIS AMOUNT TO THE COURT WITHIN FIVE BUSINESS DAYS OF THIS ORDER.** If the Debtor(s) fail(s) to pay the amount owed to the Court within five business days, the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of dismissal. If the Debtor(s) file(s) a subsequent bankruptcy case while prior filing fees remain outstanding, the Court will ordinarily deny any Application to Pay Filing Fees in Installments in the subsequent case.

*Barry S Schermer*

U.S.Bankruptcy Judge

Dated: 3/4/14

**Reported Alias Information:**
Cheryl A Westall –
–

Rev. 12/09